**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| Ron Carpenter,<br><br>              Plaintiff,<br><br>vs.<br><br>Last Chance Saloon, Inc., a corporation doing business in North Dakota and Joshua Luger,<br><br>              Defendants. | **ORDER (1) GRANTING MOTION TO AMEND SCHEDULING/DISCOVERY PLAN, (2) GRANTING MOTION TO COMPEL, AND (3) REQUIRING ATTORNEY DELMORE TO APPEAR AND SHOW CAUSE**<br><br>Case No. 1:12-cv-127 |

Plaintiff Ron Carpenter ("Carpenter") initiated this action against Defendants Last Chance Saloon, Inc. ("Last Chance Saloon") and Joshua Luger ("Luger") on September 24, 2012. Plaintiff Carpenter is represented by attorney Mark V. Larson. Defendant Last Chance Saloon is represented by attorney Ross H. Espeseth. Defendant Luger is represented by attorney William J. Delmore.

On November 27, 2012, the court issued an order setting a telephonic scheduling conference for January 4, 2013. The scheduling conference was subsequently reset for January 10, 2013. On January 10, 2013, the court was unable to reach attorney Delmore and proceeded with the scheduling conference with attorneys Larson and Espeseth participating. Following the scheduling conference, the court issued a Scheduling Order and an order setting a telephonic status conference for April 9, 2013. On April 9, 2013, the court was again unable to reach attorney Delmore and held the status conference with attorneys Larson and Espeseth participating.

On September 5, 2013, plaintiff filed a "Motion to Amend Scheduling/Discovery Plan" and a "Motion for Contempt." In the motions, plaintiff stated that Defendant Luger had failed to make Rule 26(a)(1) disclosures by April 1, 2013, as required by the Scheduling/Discovery Plan and that

1

attorney Delmore had not responded to letters plaintiff sent requesting the disclosures on April 10, 2013 and April 25, 2013. Plaintiff requested that the court issue and amended Scheduling/Discovery Plan and order defendant Luger to make Rule 26(a)(1) disclosures.

On September 24, 2013, the court issued an order scheduling for November 5, 2013, a hearing on plaintiff's discovery motions. The order required attorney Delmore to appear personally in Bismarck for the hearing. On November 5, 2013, the court held the hearing with attorney Larson appearing by telephone and attorney Espeseth appearing in person. Attorney Delmore failed to appear.

Pursuant to the discussion at the hearing, the court **GRANTS** plaintiff's Motion to Amend Scheduling/Discovery Plan (Docket No. 20). The court will issue an Amended Scheduling Order reflecting the new discovery deadlines agreed to by the parties at the hearing and will reset the trial and final pretrial conference for the agreed upon dates. The court also **GRANTS** plaintiff's motion to compel (Docket No. 21) and **ORDERS** that defendant Luger shall make Rule 26(a)(1) disclosures by November 26, 2013. Further, based on the foregoing history, the court also **ORDERS** attorney Delmore to pay plaintiff's attorney the sum of $200 pursuant to Fed. R. Civ. P. 37(b)(2)(C) for his failure initially to comply with the court's discovery order requiring Rule 26 Disclosures by April 1, 2013, and his failure thereafter to respond to plaintiff's attorney's motion to compel and appear at the hearing scheduled by the court on the motion. The award of $200 represents some reduction from plaintiff's attorney's current billing rate of $350 per hour as determined at the hearing and the fact plaintiff's counsel likely spent one hour or less personal time in bringing the motion.[1]

---

[1] During the hearing, the court indicated it was going to impose attorney's fees in the amount of $350, but, upon further reflection, has decided to lower the amount.

Finally, the court needs to address attorney Delmore's failure to abide by this court's order directing him to personally appear at the last motion hearing and his prior failures to meaningfully participate in this litigation. Also, attorney Delmore's conduct has left the court and the other attorneys in a difficult position going forward in this case. Plaintiff's attorney has indicated that he may want to take the deposition of attorney Delmore's client, but is uncertain now how to make arrangements given attorney Delmore's failure to meaningfully participate in the litigation. And, just as importantly, the court is concerned that attorney Delmore's client is being adequately represented. Consequently, the court hereby **ORDERS** attorney Delmore to personally appear before the undersigned on November 26, 2013, at 11:30 a.m. CST in Bismarck Courtroom 2, and (1) show cause why the undersigned should not recommend to Chief Judge Erickson that his privileges to practice in federal court be suspended; (2) clarify the current status of his representation of defendant Luger; and (3) provide a mailing address for defendant Luger in the event the court needs to direct future orders to him personally. If Delmore is no longer representing defendant Luger or no longer wishes to represent him, Delmore is required to file a motion seeking leave to withdraw pursuant to Local Rule 1.3(F)(3), which motion must be served on Luger.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court